# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00162-MR

| | |
|---|---|
| ONDRE HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARRY L. MCFADDEN, ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1], and on Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

## I. BACKGROUND

The *pro se* Petitioner is a pretrial detainee at the Mecklenburg County Detention Center ("Detention Center") on pending Mecklenburg County cases 20CRS211449 (robbery with a dangerous weapon) and 20CRS211450 (resisting a public officer).[1] [Doc. 1].

---

[1] The Court takes judicial notice of the Petitioner's files in Mecklenburg County Case Nos. 20CRS211449 and 20CRS211450. See Fed. R. Ev. 201.

On March 31, 2020, the public defender was appointed to represent the Petitioner, and he was released on $5,000 secured bond with a special condition of electronic monitoring for the robbery case. However, the Petitioner violated the conditions of release on April 23, 2020, and his bond for the robbery case was raised to $10,000. He was committed to the Detention Center on April 23, 2020, where he remains to date.[2]

The Petitioner has filed *pro se* motions and letters in the criminal case complaining about counsel, requesting a speedy trial, demanding discovery, and seeking dismissal of the criminal charges.

On January 22, 2021, Petitioner filed a § 2241 Petition in this Court, Civil Case No. 3:21-cv-00033-MR. He complained about the conditions of his confinement and the pending state charges, and he sought injunctive relief and release from confinement. The Court dismissed the § 2241 Petition on March 1, 2021, because Petitioner failed to exhaust the available state remedies. [3:21-cv-00033, Doc. 4]. The Court declined to consider the Petitioner's claims that were in the nature of civil rights claims under 42

---

[2] This information was gleaned from Petitioner's address of record as well as from the Mecklenburg County Sheriff's Office website. See https://mecksheriffweb.mecklenburg countync.gov/Inmate/Details?pid=0000481027&jid=20-017630&activeOnly=True&first Name=ondre&lastName=hunter&prisType=ALL&maxrows=48&page=1 (last visited Apr. 19, 2021).

U.S.C. § 1983 and informed the Petitioner that he may file a separate action raising such claims if he chooses to do so. [Id. at 4 n.2].

On March 8, 2021,[3] the Petitioner filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for alleged violations of the Eighth and Fourteenth Amendments. He names as the Respondent Garry L. McFadden, the Mecklenburg County Sheriff. The Petitioner appears to argue: (1) he should be released on bond because he is at risk for COVID-19 infection due to lung damage from a previous stabbing; (2) the criminal charges should be dismissed because he has not received discovery and there is no evidence demonstrating his guilt; and (3) the Detention Center facility is not adequately clean and inmate uniforms are not adequately clean or readily available; and (4) Petitioner was sexually assaulted by an officer on May 11, 2021.[4]

As relief, Petitioner seeks "Immediate release. Injunctive relief. Or another bond hearing since I've been detained for a year." [Doc. 1 at 7].

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2254 (prisoner mailbox rule applicable to § 2254 petitions).

[4] The claims have been renumbered and restated.

3

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Petitioner's Application shows that he has had an average monthly income of $0.00 during the past 12 months and that he expects to receive no income next month. [Doc. 2 at 1-2]. Petitioner reports having no assets or monthly expenses. [Doc. 2 at 2-5]. He further explains his inability to pay the costs of these proceedings as follows: "I am homeless and both my ID's have been stolen…." [Doc. 2 at 5]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's Application to proceed *in forma pauperis*.

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are property brought under § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). *Pro se* pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Plaintiff appears to argue that he should be released on bond because he is at high risk from COVID-19 from a prior lung injury, and that the Mecklenburg County criminal charges should be dismissed because he has not received any discovery and robbery charge is not supported by any evidence.

While federal courts have the power to hear pretrial habeas petitions, "prudential concerns, such as comity and the orderly administration of

5

criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted). Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44 (citation omitted). The Fourth Circuit has stated that Younger abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first Younger prong, the Petitioner attests that he is being detained pending trial on state criminal charges. As such, it appears that the Petitioner is involved in an ongoing state criminal proceeding.

Under the second prong, the Supreme Court has stated that "the States' interest in administering their criminal justice systems free from

6

federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted); see United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984) ("the fixing of bail 'is peculiarly a matter of discretion with the trial court.'") (quoting United States v. Wright, 483 F.2d 1068, 1069 (4th Cir. 1973)). Accordingly, the Petitioner's criminal proceedings implicate important state interests.

Under the third prong, the scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim.'" Id. (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

The Petitioner does not allege that he has filed a petition for a writ of habeas corpus in Superior Court or that he has petitioned the North Carolina

7

Court of Appeals for review. See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus); In re Reddy, 16 N.C. App. 520, 192 S.E.2d 621 (1972) (allowing a petition for a writ of habeas corpus requesting a bail reduction). Nor have the North Carolina courts had the opportunity to determine whether Petitioner's claims of insufficient discovery and evidence warrant dismissal of the criminal case. See Dickerson, 816 F.2d at 226 (as a general matter, "an attempt to dismiss an indictment or otherwise prevent a prosecution' is not attainable through federal habeas") (quoting Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)). Because the Petitioner has the opportunity to raise his federal claims in the state courts, he has an adequate remedy at law.[5] See Younger, 401 U.S. at 43-44; see, e.g., Wright v. Beatty, 2017 WL 6767368 (D.S.C. Nov. 15, 2017), *report adopted* 2018 WL 263911 (D.S.C. Jan. 1, 2018) (dismissing § 2241 petition without prejudice where the petitioner argued that the state trial proceedings are unfair because of petitioner's poverty status and because the state is failing to comply with pretrial discovery rules and procedures because

---

[5] For the same reasons, it appears that the Petitioner has failed to exhaust his available state remedies before filing his § 2241 Petition. His allegation in the § 2241 Petition that he has presented these claims in Detention Center grievances fails to demonstrate that these matters have been exhausted in the North Carolina courts. Robinson, 855 F.3d at 283.

8

Case 3:21-cv-00162-MR   Document 3   Filed 04/20/21   Page 8 of 11

petitioner may raise these claims in the state court during trial and post-trial proceedings).

The Petitioner has failed to demonstrate that any special circumstances exist which would permit this Court to resolve the Petitioner's claims before giving the North Carolina courts the opportunity to resolve them in the first instance. Accordingly, Younger abstention is appropriate here.

The Petitioner also raises a number of claims about the conditions of his confinement at the Detention Center. Specifically, he argues that the facility and uniforms are not adequately clean and that he was sexually assaulted by a Detention Center officer. These claims about the conditions of his confinement should be raised in a § 1983 case rather than in this § 2241 proceeding. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas petitions are traditionally brought to challenge "the very fact or duration of his physical confinement"); Wilborn v. Mansukhani, 795 F. App'x 157 (4th Cir. 2019) (noting that there is a circuit split regarding whether conditions of confinement claims are cognizable in a habeas proceeding; declining to depart from prior unpublished holdings that conditions of confinement claims are not cognizable under § 2241); Rodrigez v. Ratledge, 715 F. App'x 261 (4th Cir. 2017) (deciding conditions of confinement claims

are not cognizable in § 2241 petitions). The Clerk will be instructed to mail the Petitioner a § 1983 form so that he may initiate a separate civil action addressing the conditions of his confinement, if he wishes to do so.[6]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to mail the Petitioner a prisoner complaint form.

**IT IS SO ORDERED.**

Signed: April 20, 2021

Martin Reidinger
Chief United States District Judge

---

[6] The Court makes no determinations of the merit or procedural viability of such an action.